## O'Malley *v.* Erie & Wyoming Valley Railroad Co., Appellant.

*Railroads—Diversion of water onto neighboring lands—Evidence.*

In an action against a railroad company to recover damages for injuries to land caused by an alleged wrongful diversion of water from the street on which the railroad tracks were laid, binding instructions should be given for the defendant, where the evidence shows that the tracks had been laid before plaintiff had title to the land in question; that the construction of the roadbed did not cause the conditions complained of; that no change in the condition of the tracks or the surrounding lands had occurred since the original laying of the tracks; and there is a total absence of facts from which a legal conclusion could be drawn that the defendant was under any obligation to the plaintiff to take care of the water which flowed along the street during heavy rains.

Argued March 5, 1908. Appeal, No. 57, March T., 1908, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1902, No. 1,023, on verdict for plaintiff in case of Mary O'Malley and Margaret O'Malley v. The Erie and Wyoming Valley Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for injuries to land. Before LYNCH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $554.59. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John McGahren,* with him *Willard, Warren & Knapp,* for appellant.

*James L. Lenahan,* for appellees.

OPINION BY HENDERSON, J., April 20, 1908:

The plaintiffs are the owners of a house and lot at the corner of Welsh and Railroad streets in the township of Jenkins. The defendant's track is located along Railroad street. The act of which the plaintiffs complain is that the defendant maintained a ditch or trench which emptied into an iron pipe placed by the defendant under Welsh street "to drain their said railroad" and that said ditch, trench and pipe were negligently and carelessly permitted to become filled and obstructed so that water falling on the surface in time of rain was backed onto the lot of the plaintiffs thereby injuring the foundation walls and decreasing the rental value of the premises. The only witness called to establish the plaintiffs' claim was Mary O'Malley, one of the plaintiffs, and the sufficiency of her evidence was challenged by the defendant's first point which was a request for binding instructions for the defendant. After a diligent search we have failed to find any evidence which will support the action. It does not appear that the defendant maintained a ditch to drain its property, nor is there any fact exhibited from which an inference arises that it was under any obligation to construct or maintain a ditch. The witness named did testify that the railroad company made a ditch along its track on Railroad street to the iron pipe across Welsh street, but it does not appear from her testimony when this was done and her own testimony shows that a ditch has not been kept open for many years; nor is there any evidence that the defendant ever had anything to do with the iron pipe, the obstruction of which is part of the plaintiffs' grievance. It is in a public highway presumably under the control of the supervisors and for its existence or condition the defendant is in nowise

responsible from anything which appears in the case. It is not charged in the declaration nor proved that by reason of the location of the railroad it became the duty of the company to construct a ditch or drain to carry off surface water which would not have flowed where it now does except for the construction of the track. Nor is it charged or shown that the defendant diverted water into Railroad street and onto the plaintiffs' land or that the water which flows onto the plaintiffs' land would not have gone there if the railroad track were not in existence. The case has the radical defect that the duty of the defendant to maintain a ditch nowhere appears. The great preponderance of evidence is to the effect that there never was a ditch constructed there; that the water flowed along Railroad street in a natural depression and that by reason of the conformation of the surface in the immediate vicinity it would be impossible for water to flow onto the plaintiffs' premises because of the obstructed iron pipe for the reason that the surface of Welsh street where the pipe is located is two feet or more lower than the surface of the plaintiffs' lot. But considering the case from the plaintiffs' evidence alone we find a total absence of facts from which a legal conclusion can be drawn that the defendant is under any obligation to the plaintiffs to take care of the water which flows into Railroad street during a heavy rain. It is primarily the duty of the supervisors to control the highways and to provide means of drainage. It would appear that the railroad track was in its present location before the plaintiffs' mother acquired the lot and no change in the condition of the tracks or the surrounding lands is shown to have occurred since then. As there is no evidence that the construction of the roadbed caused the conditions complained of there is not the slightest foundation for charging the defendant with liability. If we concede that at some time the company deemed it advisable to dig a ditch along the track to carry off the surface water no obligation arises to continue that arrangement unless the company is bound to take care of the water, and this the plaintiffs have not made to appear. We are constrained, therefore, to sustain the second assignment of error.

The judgment is reversed.